FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 16, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>      Plaintiff,<br><br>      v.<br><br>CODY EASTERDAY, EASTERDAY RANCHES, INC.,<br><br>      Defendants. | No. 4:21-CV-05050-SAB<br><br>**CONSENT ORDER FOR PERMANENT INJUNCTION, CIVIL MONETARY PENALTY, AND OTHER EQUITABLE RELIEF** |

## I.   INTRODUCTION

On March 31, 2021, Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") filed a Complaint against Defendant Easterday Ranches, Inc. ("Easterday Ranches" or "Defendant") seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for violations of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1–26 (2018), and the Commission's Regulations ("Regulations") promulgated thereunder, 17 C.F.R. pts. 1–190 (2020).

## II. CONSENTS AND AGREEMENTS

To effect settlement of all charges alleged in the Complaint against Defendant Easterday Ranches without a trial on the merits or any further judicial proceedings, Defendant Easterday Ranches:

**CONSENT ORDER FOR PERMANENT INJUNCTION, CIVIL MONETARY PENALTY, AND OTHER EQUITABLE RELIEF** ~ 1

1. Consents to the entry of this Consent Order for Permanent Injunction, Civil Monetary Penalty, and Other Equitable Relief Against Defendant Easterday Ranches ("Consent Order");

2. Affirms that it has read and agreed to this Consent Order voluntarily, and that no promise, other than as specifically contained herein, or threat, has been made by the CFTC or any member, officer, agent, or representative thereof, or by any other person, to induce consent to this Consent Order;

3. Acknowledges service of the summons and Complaint;

4. Admits the jurisdiction of this Court over it and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2018);

5. Admits the jurisdiction of the CFTC over the conduct and transactions at issue in this action pursuant to the Act;

6. Admits that venue properly lies with this Court pursuant to 7 U.S.C. § 13a-1(e);

7. Waives:
   a) Any and all claims that it may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 (2018) and 28 U.S.C. § 2412 (2018), and/or the rules promulgated by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. pt. 148 (2020), relating to, or arising from, this action;

   b) Any and all claims that it may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, tit. II, §§ 201–53, 110 Stat. 847, 857–74 (codified as amended at 28 U.S.C. § 2412 and in scattered sections of 5 U.S.C. and 15 U.S.C.), relating to, or arising from, this action;

   c) Any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Consent Order; and

   d) Any and all rights of appeal from this action;

**CONSENT ORDER FOR PERMANENT INJUNCTION, CIVIL MONETARY PENALTY, AND OTHER EQUITABLE RELIEF** ~ 2

      8.    Consents to the continued jurisdiction of this Court over it for the purpose of implementing and enforcing the terms and conditions of this Consent Order, even if Easterday Ranches now or in the future resides outside the jurisdiction of this Court;

      9.    Agrees that it will not oppose enforcement of this Consent Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and hereby waives any objection based thereon;

      10.    Agrees that neither it nor any of its agents or employees under its authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or the Findings of Fact or Conclusions of Law in this Consent Order, or creating or tending to create the impression that the Complaint and/or this Consent Order is without a factual basis; provided, however, that nothing in this provision shall affect its: (a) testimonial obligations; or (b) right to take legal positions in other proceedings to which the CFTC is not a party.  Easterday Ranches shall comply with this agreement, and shall undertake all steps necessary to ensure that all of its agents and/or employees under its authority or control understand and comply with this agreement;

      11.    Admits to all of the findings made in this Consent Order and all of the allegations in the Complaint;

      12.    Consents that only the Commission shall have use of the findings and conclusions in this Consent Order in this proceeding and in any other proceeding brought by the Commission or to which the Commission is a party or claimant, including, but not limited to, a statutory disqualification proceeding, proceeding in bankruptcy or receivership, or proceeding to enforce the terms of this order; and, in any such proceeding, agrees that the factual findings in this Consent Order shall be taken as true and correct and be given preclusive effect therein, without further proof;

      13.    Agrees to provide immediate notice to this Court and the CFTC by

**CONSENT ORDER FOR PERMANENT INJUNCTION, CIVIL MONETARY PENALTY, AND OTHER EQUITABLE RELIEF ~ 3**

certified mail, in the manner required by paragraph 39 of this Consent Order, of any bankruptcy proceeding filed by, on behalf of, or against it, whether inside or outside the United States; and

14. Agrees that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against it in any other proceeding.

### III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court, being fully advised in the premises, finds that there is good cause for the entry of this Consent Order and that there is no just reason for delay. The Court therefore directs the entry of the following Findings of Fact, Conclusions of Law, permanent injunction, and equitable relief pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2018), as set forth herein. The findings and conclusions in this Consent Order are not binding on any other party to this action.

**THE PARTIES AGREE AND THE COURT HEREBY FINDS:**

**A. Findings of Fact**

**Parties**

15. Plaintiff **Commodity Futures Trading Commission** is an independent federal regulatory agency that is charged by Congress with administering and enforcing the Act and the Regulations.

16. Defendant **Easterday Ranches** is a private Washington corporation with its principal place of business in Pasco, Washington. Easterday Ranches commenced a case under chapter 11 of Title 11 of the United States Code on February 1, 2021, known as *In re Easterday Ranches, Inc.*, No. 21-BK-141 (Bankr. E.D. Wash. Feb. 1, 2021) (the "Bankruptcy Proceeding"). Easterday Ranches has never been registered with the Commission in any capacity.

17. Defendant **Cody Easterday**, who is not a party to this Consent Order, is an individual who, during all times relevant to the Complaint, was a co-owner of Easterday Ranches. Cody Easterday has never been registered with the

**CONSENT ORDER FOR PERMANENT INJUNCTION, CIVIL MONETARY PENALTY, AND OTHER EQUITABLE RELIEF ~ 4**

Commission in any capacity.

**Easterday Ranches' Fraudulent Scheme**

18. Beginning on or before October 1, 2016, and continuing at least until December 1, 2020 ("Relevant Period"), Defendant Easterday Ranches operated a scheme to defraud Tyson Fresh Meats, Inc. ("Tyson") out of more than $233 million by submitting fabricated invoices for reimbursement for cattle that Easterday Ranches had agreed to purchase and care for on behalf of Tyson.

19. Every month, or nearly every month, during the Relevant Period, Easterday Ranches submitted fabricated invoices to Tyson employees for reimbursement of the costs associated with caring for cattle that did not actually exist. These fabricated invoices were submitted for the purpose of obtaining money to which Easterday Ranches was not entitled.

20. As a result of the misstatements contained in the fabricated invoices, Tyson paid Easterday Ranches $233,008,042 to which Easterday Ranches was not entitled.

21. In furtherance of the fraud, in 2017 and 2018, Easterday Ranches submitted false cattle inventory, purchase, and sales figures to the Chicago Mercantile Exchange ("CME") in two hedge exemption applications to seek permission to exceed the exchange's speculative position limits and avoid disciplinary action.

22. Because Easterday Ranches was not entitled to any hedge exemptions as a result of the false information in its applications, Easterday Ranches violated CME's position limits in 2017 and 2018.

**B. Conclusions of Law**

**Jurisdiction and Venue**

23. This Court possesses jurisdiction over this action pursuant to 28 U.S.C. § 1331 (2018) (codifying federal question jurisdiction) and 28 U.S.C. § 1345 (2018) (providing that U.S. district courts have original jurisdiction over civil

actions commenced by the United States or by any agency expressly authorized to sue by Act of Congress). Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a) (2018), provides that the CFTC may bring actions for injunctive relief or to enforce compliance with the Act or any rule, regulation, or order thereunder in the proper district court of the United States whenever it shall appear to the CFTC that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.

24. Venue properly lies with this Court pursuant to 7 U.S.C. § 13a-1(e), because Easterday Ranches resides in this jurisdiction and the acts and practices in violation of the Act occurred within this District.

**Count I: Commodities Fraud**

25. By the conduct alleged in Paragraphs 1 through 41 of the Complaint and Paragraphs 18–20 of this Consent Order, Easterday Ranches violated Section 6(c) of the Act, 7 U.S.C. § 9(1) (2018), and Regulation 180.1(a)(1)–(3), 17 C.F.R. § 180.1(a)(1)–(3) (2020), because it cheated and defrauded, or attempted to cheat and defraud, and willfully deceived, or attempted to deceive, Tyson, by among other things, knowingly or recklessly submitting to Tyson fraudulent invoices.

**Count II: False Statements to a Registered Entity**

26. By the conduct described in Paragraphs 28 through 41 of the Complaint, and Paragraphs 21–22 of this Consent Order, Easterday Ranches violated Section 9(a)(4) of the Act, 7 U.S.C. § 13(a)(4) (2018), because it willfully made false, fictitious, or fraudulent statements to a registered entity acting in furtherance of its official duties under the Act.

**Count III: Exceeding Exchange-set Position Limits**

27. By the conduct described in Paragraphs 28 through 41 of the Complaint and Paragraphs 21–22 of this Consent Order, Easterday Ranches violated Section 4a(e) of the Act, 7 U.S.C. § 6a(e) (2018), because, on two

**CONSENT ORDER FOR PERMANENT INJUNCTION, CIVIL MONETARY PENALTY, AND OTHER EQUITABLE RELIEF** ~ 6

occasions, Easterday Ranches exceeded exchange-set position limits without obtaining a valid exemption from the relevant exchange.

28. Unless restrained and enjoined by this Court, there is a reasonable likelihood that Easterday Ranches will continue to engage in the acts and practices alleged in the Complaint and in similar acts and practices in violation of the Act and Regulations.

## IV. PERMANENT INJUNCTION

**IT IS HEREBY ORDERED THAT:**

29. Based upon and in connection with the foregoing conduct, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2018), Easterday Ranches is permanently restrained, enjoined, and prohibited from directly or indirectly:

    a. (1) Using or employing, or attempting to use or employ, manipulative devices, schemes, or artifices to defraud; (2) making, or attempting to make, untrue or misleading statements of a material fact; (3) omitting to state material facts necessary in order to make statements made not untrue or misleading; or (4) engaging, or attempting to engage, in acts, practices, or courses of business, which would operate or would operate as a fraud or deceit upon any person in connection with commodity transactions, in violation of Section 6(c)(1) of the Act, 7 U.S.C. § 9(1) (2018), and Regulation 180.1(a)(1)-(3), 17 C.F.R. § 180.1(a)(1)-(3) (2020);

    b. Willfully making any false, fictitious, or fraudulent statements or representations to a registered entity, in violation of Section 9(a)(4) of the Act, 7 U.S.C. § 13(a)(4) (2018);

    c. Violating position limits set by any contract market, derivatives transaction execution facility, or other board of trade, in violation of Section 4a(e) of the Act, 7 U.S.C. § 6a(e) (2018).

30. Easterday Ranches is also permanently restrained, enjoined, and

**CONSENT ORDER FOR PERMANENT INJUNCTION, CIVIL MONETARY PENALTY, AND OTHER EQUITABLE RELIEF ~ 7**

prohibited from directly or indirectly:

    a. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9)(2020); and

    b. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2020)), agent, or any other officer or employee of any person (as that term is defined in 7 U.S.C. § 1(a)(38)), registered, exempted from registration, or required to be registered with the commission except as provided for in 17 C.F.R. § 4.14(a)(9).

## V. RESTITUTION, DISGORGEMENT, AND CIVIL MONETARY PENALTY

**A.    Restitution**

31. Easterday Ranches shall pay restitution to Tyson in the amount of two hundred thirty-three million, eight thousand, forty-two dollars ($233,008,042) ("Restitution Obligation"). If the Restitution Obligation is not paid immediately, post-judgment interest shall accrue on the Restitution Obligation beginning on the date of entry of this Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Consent Order pursuant to 28 U.S.C. § 1961 (2018).

32. Easterday Ranches shall receive a dollar-for-dollar credit against the Restitution Obligation for all money: (1) paid to Tyson or its assigns pursuant to Easterday Ranches' confirmed Chapter 11 plan (the "Plan") in the Bankruptcy Proceeding; (2) paid by Easterday Ranches to Tyson in connection with any civil litigation concerning the fraudulent scheme described herein; (3) paid by Cody Easterday to Tyson in connection with his guilty plea and sentence in *United States v. Cody Easterday*, No. 21-cr-6012 (E.D. Wash.); and/or (4) paid by Cody

**CONSENT ORDER FOR PERMANENT INJUNCTION, CIVIL MONETARY PENALTY, AND OTHER EQUITABLE RELIEF ~ 8**

Easterday to Tyson in connection with this litigation.

33. Upon approval of the Bankruptcy Court in the Bankruptcy Proceeding, the Restitution Obligation shall be allowed as a pre-petition, general unsecured claim; provided, however, that such claim shall be subordinated to all other allowed pre-petition, general unsecured claims for purposes of any distribution made pursuant to the Plan. Any distribution by Easterday Ranches' chapter 11 estate on account of the allowed Restitution Obligation claim shall be in accordance with the Bankruptcy Proceeding and the Plan. For the avoidance of doubt, it is the Parties' intent that the Restitution Obligation be subordinated to Easterday Ranches' general unsecured creditors for purposes of any Plan distribution but paid in full prior to any Plan distribution being made to shareholders of Easterday Ranches.

**B.    Civil Monetary Penalty**

34. Easterday Ranches shall pay a civil monetary penalty in the amount of thirty million dollars ($30,000,000) ("CMP Obligation"). If the CMP Obligation is not paid immediately, post-judgment interest shall accrue on the CMP Obligation beginning on the date of entry of this Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Consent Order pursuant to 28 U.S.C. § 1961 (2018).

35. Upon approval of the Bankruptcy Court in the Bankruptcy Proceeding, the CMP Obligation shall be allowed as pre-petition, general unsecured claim provided, however, that such claim shall be subordinated to all other allowed pre-petition, general unsecured claims for purposes of any distribution made pursuant to the Plan. Any distribution by Easterday Ranches' chapter 11 estate on account of the allowed CMP Obligation claim shall be in accordance with the Bankruptcy Proceeding and the Plan. For the avoidance of doubt, it is the Parties' intent that the CMP Obligation be subordinated to Easterday Ranches' general unsecured creditors for purposes of any Plan

**CONSENT ORDER FOR PERMANENT INJUNCTION, CIVIL MONETARY PENALTY, AND OTHER EQUITABLE RELIEF ~ 9**

distribution but paid in full prior to any Plan distribution being made to shareholders of Easterday Ranches.

36. Easterday Ranches shall pay its CMP Obligation and any post-judgment interest, by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> CFTC
> C/O ESC/AMK-326; HQ RM 265
> 6500 S. MacArthur Blvd.
> Oklahoma City, OK 73169
> (405) 954-6569 office
> (405) 954-1620 fax
> 9-AMC-AR-CFTC@faa.gov

If payment by electronic funds transfer is chosen, Easterday Ranches shall contact Marie Thorne or her successor at the address above to receive payment instructions and shall fully comply with those instructions. Easterday Ranches shall accompany payment of the CMP Obligation with a cover letter that identifies Easterday Ranches and the name and docket number of this proceeding. Easterday Ranches shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

**C.   Provisions Related to Monetary Sanctions**

37. Partial Satisfaction: Acceptance by the Commission/CFTC of any partial payment of Easterday Ranches' Restitution Obligation or CMP Obligation shall not be deemed a waiver of its obligation to make further payments pursuant to this Consent Order, or a waiver of the Commission/CFTC's right to seek to compel payment of any remaining balance.

//
//

**CONSENT ORDER FOR PERMANENT INJUNCTION, CIVIL MONETARY PENALTY, AND OTHER EQUITABLE RELIEF** ~ 10

**D.    Cooperation**

38.    Easterday Ranches shall cooperate fully and expeditiously with the CFTC, including the CFTC's Division of Enforcement, in this action, and in any current or future CFTC investigation or action related thereto. Easterday Ranches shall also cooperate in any investigation, civil litigation, or administrative matter related to, or arising from, this action.

## VI.    MISCELLANEOUS PROVISIONS

39.    Notice: All notices required to be given by any provision in this Consent Order, except those described in paragraph 36, shall be sent certified mail, return receipt requested, as follows:

> Robert T. Howell
> Deputy Director, Division of Enforcement
> Commodity Futures Trading Commission
> 525 W. Monroe St., Suite 1100
> Chicago, IL 60661

All such notices to the CFTC shall reference the name and docket number of this action.

40.    Change of Address/Phone: Until such time as Easterday Ranches satisfies in full its Restitution Obligation and CMP Obligation as set forth in this Consent Order, Easterday Ranches shall provide written notice to the Commission by certified mail of any change to its telephone number and mailing address within ten calendar days of the change.

41.    Entire Agreement and Amendments: This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

42.    Invalidation: If any provision of this Consent Order or if the application of any provision or circumstance is held invalid, then the remainder of

this Consent Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

43. <u>Waiver</u>: The failure of any party to this Consent Order or of any customer at any time to require performance of any provision of this Consent Order shall in no manner affect the right of the party or customer at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

44. <u>Effectiveness</u>: The Parties acknowledge that notwithstanding Easterday Ranches consent to entry of this Consent Order, it shall be of no force and effect unless and until an order of the Bankruptcy Court approving this Consent Order has been entered in the Bankruptcy Proceeding and the applicable appeal period has been waived or expired.

45. <u>Continuing Jurisdiction of this Court</u>: This Court shall retain jurisdiction of this action to ensure compliance with this Consent Order and for all other purposes related to this action, including any motion by Easterday Ranches to modify or for relief from the terms of this Consent Order.

46. <u>Injunctive and Equitable Relief Provisions</u>: The injunctive and equitable relief provisions of this Consent Order shall be binding upon Easterday Ranches, upon any person under its authority or control, and upon any person who receives actual notice of this Consent Order, by personal service, e-mail, facsimile or otherwise insofar as he or she is acting in active concert or participation with Easterday Ranches.

47. <u>Authority</u>: Peter Richter hereby warrants that he is co-Chief Restructuring Officer of Easterday Ranches, and that this Consent Order has been duly authorized by Easterday Ranches and he has been duly empowered to sign and submit this Consent Order on behalf of Easterday Ranches.

**CONSENT ORDER FOR PERMANENT INJUNCTION, CIVIL MONETARY PENALTY, AND OTHER EQUITABLE RELIEF** ~ 12

48. Counterparts and Facsimile Execution: This Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Consent Order.

49. Contempt: Easterday Ranches understands that the terms of the Consent Order are enforceable through contempt proceedings, and that, in any such proceedings it may not challenge the validity of this Consent Order.

50. Agreements and Undertakings: Easterday Ranches shall comply with all of the undertakings and agreements set forth in this Consent Order.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 16th day of December 2021.



Stanley A. Bastian
Chief United States District Judge

**CONSENT ORDER FOR PERMANENT INJUNCTION, CIVIL MONETARY PENALTY, AND OTHER EQUITABLE RELIEF** ~ 13