FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 05, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>CODY EASTERDAY,<br><br>    Defendant. | No. 4:21-CV-05050-SAB<br><br>**ORDER GRANTING JOINT MOTION; CONSENT ORDER** |

Before the Court is the parties' Joint Motion for Entry of Consent Order, ECF No. 41. The motion was heard without oral argument. Plaintiff is represented by Allison Passman, Ashley Burden and Benjamin Sedrish. Defendant is represented by Andrew Wagley and Carl Oreskovich.

The parties indicate they have reached a settlement in the above-captioned action and ask the Court to enter a mutually-agreed-upon Consent Order.

Accordingly, **IT IS HEREBY ORDERED**:

1. The parties' Joint Motion for Entry of Consent Order, ECF No. 41, is **GRANTED**.

2. The Court enters the following Consent Order:

//

//

//

**ORDER GRANTING JOINT MOTION; CONSENT ORDER ~ 1**

**CONSENT ORDER FOR CIVIL MONETARY PENALTY, KPERMANENT INJUNCTION, AND OTHER EQUITABLE RELIEF**

## I. INTRODUCTION

On March 31, 2021, Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") filed a Complaint against Defendant Cody Easterday ("Easterday" or "Defendant") seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for violations of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1–26, and the Commission's Regulations ("Regulations") promulgated thereunder, 17 C.F.R. pts. 1–190 (2022).

## II. CONSENTS AND AGREEMENTS

To effect settlement of all charges alleged in the Complaint without a trial on the merits or any further judicial proceedings, Defendant Cody Easterday:

1. Consents to the entry of this Consent Order for Civil Monetary Penalty, Permanent Injunction, and Other Equitable Relief Against Defendant Cody Easterday ("Consent Order");

2. Affirms that he has read and agreed to this Consent Order voluntarily, and that no promise, other than as specifically contained herein, or threat, has been made by the CFTC or any member, officer, agent, or representative thereof, or by any other person, to induce consent to this Consent Order;

3. Acknowledges service of the summons and Complaint;

4. Admits the jurisdiction of this Court over him and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1;

5. Admits the jurisdiction of the CFTC over the conduct and transactions at issue in this action pursuant to the Act;

6. Admits that venue properly lies with this Court pursuant to 7 U.S.C. § 13a-1(e);

7. Waives:

    a) Any and all claims that he may possess under the Equal Access to

**ORDER GRANTING JOINT MOTION; CONSENT ORDER ~ 2**

     Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and/or the rules promulgated by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. pt. 148 (2022), relating to, or arising from, this action;

  b) Any and all claims that he may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, tit. II, §§ 201–53, 110 Stat. 847, 857–74 (codified as amended at 28 U.S.C. § 2412 and in scattered sections of 5 U.S.C. and 15 U.S.C.), relating to, or arising from, this action;

  c) Any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Consent Order; and

  d) Any and all rights of appeal from this action;

8. Consents to the continued jurisdiction of this Court over him for the purpose of implementing and enforcing the terms and conditions of this Consent Order, even if Easterday now or in the future resides outside the jurisdiction of this Court;

9. Agrees that he will not oppose enforcement of this Consent Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and hereby waives any objection based thereon;

10. Agrees that neither he nor any of his agents or employees under his authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint or the Findings of Fact or Conclusions of Law in this Consent Order, or creating or tending to create the impression that the Complaint and/or this Consent Order is without a factual basis; provided, however, that nothing in this

**ORDER GRANTING JOINT MOTION; CONSENT ORDER ~ 3**

provision shall affect his: (a) testimonial obligations; or (b) right to take legal positions in other proceedings to which the CFTC is not a party. Easterday shall comply with this agreement, and shall undertake all steps necessary to ensure that all of his agents and/or employees under his authority or control understand and comply with this agreement;

11. Admits to all of the findings made in this Consent Order and all of the allegations in the Complaint;

12. Agrees to provide immediate notice to this Court and the CFTC by certified mail, in the manner required by paragraph 39 of this Consent Order, of any bankruptcy proceeding filed by, on behalf of, or against him, whether inside or outside the United States; and

13. Agrees that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against him in any other proceeding.

### III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court, being fully advised in the premises, finds that there is good cause for the entry of this Consent Order and that there is no just reason for delay. The Court therefore directs the entry of the following Findings of Fact, Conclusions of Law, permanent injunction, and equitable relief pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, as set forth herein.

**THE PARTIES AGREE AND THE COURT HEREBY FINDS:**

**A.    Findings of Fact**

**Parties**

14. Plaintiff **Commodity Futures Trading Commission** is an independent federal regulatory agency that is charged by Congress with administering and enforcing the Act and the Regulations.

15. Defendant **Cody Easterday** is an individual who, during all times relevant to the Complaint, was a co-owner of Easterday Ranches

**ORDER GRANTING JOINT MOTION; CONSENT ORDER ~ 4**

16. Easterday has never been registered with the Commission in any capacity.

17. **Easterday Ranches**, which is not a party to this Consent Order, was a private Washington corporation with its principal place of business in Pasco, Washington. Easterday Ranches commenced a case under chapter 11 of Title 11 of the United States Code on February 1, 2021, known as *In re Easterday Ranches, Inc.*, No. 21-BK-141 (Bankr. E.D. Wash. Feb. 1, 2021) (the "Bankruptcy Proceeding"). Easterday Ranches has never been registered with the Commission in any capacity.

18. Beginning in at least June of 2010 and continuing through 2020, Easterday Ranches entered into a series of cattle feeding agreements ("Cattle Feeding Agreements") with Tyson Fresh Meats, Inc. ("Tyson").

19. Under the Cattle Feeding Agreements, Easterday Ranches agreed to procure cattle on behalf of Tyson and provide feeding space for the cattle until they were sent for slaughter at Tyson's plant located in Pasco, WA. Also under the Cattle Feeding Agreements, Tyson agreed to reimburse Easterday Ranches for the purchase costs of the cattle and for the costs associated with growing and feeding the purchased cattle to market weight.

20. Between approximately 2016 and November 2020 ("Relevant Period"), Easterday operated a scheme to defraud Tyson out of more than $233 million by submitting fabricated invoices for reimbursement for cattle and feed.

21. During the Relevant Period, Easterday caused Easterday Ranches to submit fabricated invoices to Tyson employees for reimbursement of the costs associated with procuring cattle that were never actually purchased and caring for cattle that did not actually exist. These fabricated invoices were submitted for the purpose of obtaining money to which Easterday and Easterday Ranches were not entitled.

**ORDER GRANTING JOINT MOTION; CONSENT ORDER ~ 5**

22. As a result of the misstatements contained in the fabricated invoices, Tyson paid Easterday Ranches $233,008,042 to which Easterday Ranches was not entitled.

23. Further, on or about October 17, 2017 and July 12, 2018, Easterday caused Easterday Ranches to submit an application to exceed exchange-set position limits that falsely inflated cattle inventory figures to the Chicago Mercantile Exchange ("CME") in two hedge exemption applications to seek permission to exceed the exchange's speculative position limits in live cattle that otherwise would have applied to Easterday Ranches and avoid disciplinary action.

24. Because Easterday Ranches was not entitled to any hedge exemptions as a result of the false information in its applications, Easterday caused Easterday Ranches to violate CME's position limits for the trading of live cattle futures contracts in 2017 and 2018 without obtaining a valid hedge exemption from the CME to do so.

**B.    Conclusions of Law**

**Jurisdiction and Venue**

25. This Court possesses jurisdiction over this action pursuant to 28 U.S.C. § 1331 (codifying federal question jurisdiction) and 28 U.S.C. § 1345 (providing that U.S. district courts have original jurisdiction over civil actions commenced by the United States or by any agency expressly authorized to sue by Act of Congress). Section 6c(a) of the Act, 7 U.S.C. § 13a-1(a), provides that the CFTC may bring actions for injunctive relief or to enforce compliance with the Act or any rule, regulation, or order thereunder in the proper district court of the United States whenever it shall appear to the CFTC that any person has engaged, is engaging, or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation, or order thereunder.

**ORDER GRANTING JOINT MOTION; CONSENT ORDER ~ 6**

26. Venue properly lies with this Court pursuant to 7 U.S.C. § 13a-1(e), because Easterday resides in this jurisdiction and the acts and practices in violation of the Act occurred within this District.

**Count I:  Commodities Fraud**

27.  By the conduct alleged in Paragraphs 1 through 41 of the Complaint and Paragraphs 18–22 of this Consent Order, Easterday violated Section 6(c) of the Act, 7 U.S.C. § 9(1), and Regulation 180.1(a)(1)–(3), 17 C.F.R. § 180.1(a)(1)–(3) (2022), because he cheated and defrauded, or attempted to cheat and defraud, and willfully deceived, or attempted to deceive, Tyson, by among other things, knowingly or recklessly causing Easterday Ranches to submit fraudulent invoices to Tyson.

**Count II:  False Statements to a Registered Entity**

28. By the conduct described in Paragraphs 28 through 41 of the Complaint, and Paragraphs 23–24 of this Consent Order, Easterday violated Section 9(a)(4) of the Act, 7 U.S.C. § 13(a)(4), because he willfully made false, fictitious, or fraudulent statements to a registered entity acting in furtherance of its official duties under the Act.

**Count III:  Exceeding Exchange-set Position Limits**

29. By the conduct described in Paragraphs 28 through 41 of the Complaint and Paragraphs 23–24 of this Consent Order, Easterday violated Section 4a(e) of the Act, 7 U.S.C. § 6a(e), because, as set forth above, Easterday caused Easterday Ranches to exceed exchange-set position limits without obtaining a valid exemption from the relevant exchange.

30. In light of the relevant factors and given the nature of Easterday's violations as set forth herein, the Court finds that the prerequisites for injunctive relief to preclude similar acts and practices in violation of the Act and Regulations, as alleged in the Complaint, are met.

//

**ORDER GRANTING JOINT MOTION; CONSENT ORDER ~ 7**

## IV. PERMANENT INJUNCTION

**IT IS HEREBY ORDERED THAT:**

31. Based upon and in connection with the foregoing conduct, pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, Easterday is permanently restrained, enjoined, and prohibited from directly or indirectly:

    a. (1) Using or employing, or attempting to use or employ, manipulative devices, schemes, or artifices to defraud; (2) making, or attempting to make, untrue or misleading statements of a material fact; (3) omitting to state material facts necessary in order to make statements made not untrue or misleading; or (4) engaging, or attempting to engage, in acts, practices, or courses of business, which would operate or would operate as a fraud or deceit upon any person in connection with contracts of sale of a commodity in interstate commerce, in violation of Section 6(c)(1) of the Act, 7 U.S.C. § 9(1), and Regulation 180.1(a)(1)–(3), 17 C.F.R. § 180.1(a)(1)–(3) (2022);

    b. Willfully making any false, fictitious, or fraudulent statements or representations to a registered entity, in violation of Section 9(a)(4) of the Act, 7 U.S.C. § 13(a)(4);

    c. Violating position limits set by any contract market, derivatives transaction execution facility, or other board of trade, in violation of Section 4a(e) of the Act, 7 U.S.C. § 6a(e).

32. Easterday is also permanently restrained, enjoined, and prohibited from directly or indirectly:

    a. Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40));

    b. Entering into transactions involving "commodity interests" (as

**ORDER GRANTING JOINT MOTION; CONSENT ORDER ~ 8**

that term is defined in Regulation 1.3, 17 C.F.R. § 1.3 (2022)) for his own personal account or for any account in which he may have a direct or indirect interest;

c. Having any commodity interests traded on his behalf;

d. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

e. Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

f. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2022); and

g. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a)), agent, or any other officer or employee of any person (as that term is defined in Section 1a(38) of the Act, 7 U.S.C. § 1a(38)), registered, exempted from registration, or required to be registered with the Commission except as provided for in 17 C.F.R. § 4.14(a)(9).

## V. RESTITUTION AND COOPERATION

### A. Restitution

33. Defendant's violations of the Act and Regulations merit an award of restitution. However, the Court recognizes that in a related criminal action, *United States v. Easterday*, No. 21-CR-6012, ECF No. 78 (E.D. Wash.), the Court ordered that Defendant pay restitution in the amount of two hundred forty-four million, thirty-one thousand, one hundred and thirty-two dollars

**ORDER GRANTING JOINT MOTION; CONSENT ORDER ~ 9**

($244,031,132) in connection with the same conduct at issue in this action. Accordingly, restitution is not ordered in this action.

### B.    Civil Monetary Penalty

34.    Defendant shall pay a civil monetary penalty in the amount of one million dollars ($1,000,000) ("CMP Obligation") within 30 days of the date of the entry of this Consent Order. If the CMP Obligation is not paid in full within thirty days of the date of entry of this Consent Order, post-judgment interest shall accrue on the unpaid portion of the CMP Obligation beginning on the date of entry of this Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Consent Order pursuant to 28 U.S.C. § 1961.

35.    Defendant shall pay the CMP Obligation and any post-judgment interest by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> MMAC/ESC/AMK326
> Commodity Futures Trading Commission
> 6500 S. MacArthur Blvd.
> HQ Room 266
> Oklahoma City, OK  73169
> 9-amz-ar-cftc@faa.gov

If payment by electronic funds transfer is chosen, Defendant shall contact Tonia King or her successor at the address above to receive payment instructions and shall fully comply with those instructions. Defendant shall accompany payment of the CMP Obligation with a cover letter that identifies Defendant and the name and docket number of this proceeding. Defendant shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st

**ORDER GRANTING JOINT MOTION; CONSENT ORDER** ~ 10

Street NW, Washington, D.C. 20581.

### C.   Cooperation

36. Easterday shall cooperate fully and expeditiously with the CFTC, including the CFTC's Division of Enforcement, in this action, and in any current or future CFTC investigation or action related thereto. Easterday shall also cooperate in any investigation, civil litigation, or administrative matter related to, or arising from, this action.

## VI.   MISCELLANEOUS PROVISIONS

37. Until such time as Defendant satisfied in full his CMP Obligation under this Consent order, upon the commencement by or against Defendant of insolvency, receivership or bankruptcy proceedings or any other proceedings for the settlement of Defendant's debts, all notices to creditors required to be furnished to the Commission under Title 11 of the United States Code or other applicable law with respect to such insolvency, receivership, bankruptcy or other proceedings, shall be sent to the address below:

Secretary of the Commission
Office of General Counsel
Commodity Futures Trading Commission
Three Lafayette Centre
1155 21st Street NW
Washington, DC 20581

38. Notice:  All notices required to be given by any provision in this Consent Order, except as set forth in paragraph 35 above, shall be sent certified mail, return receipt requested, as follows:

Robert T. Howell
Deputy Director, Division of Enforcement
Commodity Futures Trading Commission
77 W Jackson Blvd., Suite 800
Chicago, IL 60604

**ORDER GRANTING JOINT MOTION; CONSENT ORDER** ~ 11

All such notices to the CFTC shall reference the name and docket number of this action.

39. Change of Address/Phone: Until such time as Defendant satisfies in full his CMP Obligation as set forth in this Consent Order, Defendant shall provide written notice to the Commission by certified mail of any change to his telephone number and mailing address within ten calendar days of the change.

40. Entire Agreement and Amendments: This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date. Nothing shall serve to amend or modify this Consent Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

41. Invalidation: If any provision of this Consent Order or if the application of any provision or circumstance is held invalid, then the remainder of this Consent Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

42. Waiver: The failure of any party to this Consent Order or of any customer at any time to require performance of any provision of this Consent Order shall in no manner affect the right of the party or customer at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision of this Consent Order.

43. Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this action to ensure compliance with this Consent Order and for all other purposes related to this action, including any motion by Easterday to modify or for relief from the terms of this Consent Order.

**ORDER GRANTING JOINT MOTION; CONSENT ORDER** ~ 12

44. Injunctive and Equitable Relief Provisions: The injunctive and equitable relief provisions of this Consent Order shall be binding upon Easterday, upon any person under his authority or control, and upon any person who receives actual notice of this Consent Order, by personal service, e-mail, facsimile or otherwise insofar as he or she is acting in active concert or participation with Easterday.

45. Counterparts and Facsimile Execution: This Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Consent Order.

46. Contempt: Easterday understands that the terms of the Consent Order are enforceable through contempt proceedings, and that, in any such proceedings, he may not challenge the validity of this Consent Order.

//
//
//
//
//
//
//
//
//
//

**ORDER GRANTING JOINT MOTION; CONSENT ORDER ~ 13**

47. Agreements and Undertakings: Easterday shall comply with all of the undertakings and agreements set forth in this Consent Order.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 5th day of June 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING JOINT MOTION; CONSENT ORDER** ~ 14